UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-357-RJC
(3:06-cr-176-RJC-1)

| | |
|---|---|
| ANTOINE RYAN MORGAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon the Government's unopposed motion to stay disposition of this collateral proceeding which is filed pursuant to 28 U.S.C. § 2255. (Doc. No. 3). Petitioner Antoine Ryan Morgan is represented by the Federal Defenders of Western North Carolina. Counsel does not object to the Government's Motion. (Id. at 2).

On October 6, 2009, Morgan pled guilty to one count of robbery in violation of 18 U.S.C. § 1951, often referred as the Hobbs Act (Count One), and one count of using a firearm in relation to that offense in violation of 18 U.S.C. § 924(c) (Count Two). On November 10, 2010, this Court sentenced Morgan to a term of 30 months on the Hobbs Act robbery count, plus a 120-month consecutive sentence on the § 924(c) count.

On June 15, 2016, Morgan commenced this action by filing a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1). He challenges his § 924(c) conviction and sentence, arguing that his predicate offense of Hobbs Act robbery does not qualify as a "crime of violence" in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), violates the

1

Constitution's guarantee of due process, but the decision did not address the residual clause under § 924(c).  See id. at 2563.

The Government has filed the instant Motion to hold this action in abeyance pending decisions by the Fourth Circuit Court of Appeals in United States v. Ali, No. 15-4433, and/or United States v. Simms, Fourth Circuit Case No. 15-4640. (Doc. No. 3).  In those cases, the Fourth Circuit is considering whether Johnson renders the residual clause of § 924(c)(3)(B) unconstitutionally vague.  Both cases also involve Hobbs Act robbery convictions.

The issues to be decided in Ali and Simmons may be dispositive of Petitioner's claims for relief under Johnson.  In light of these factors, and in the absence of opposition from Morgan, the Court finds it is in the interest of judicial economy to grant the Government's Motion to hold this action in abeyance.

**IT IS, THEREFORE, ORDERED** that the Government's motion to hold Morgan's § 2255 Motion to Vacate in abeyance (Doc. No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned action is held in abeyance pending the Fourth Circuit's decisions in United States v. Ali, No. 15-4433 and/or United States v. Simms, Fourth Circuit Case No. 15-4640.  The Government shall have 60 days from the date of the later of these two decisions to file an answer, motion, or other response to Morgan's § 2255 Motion to Vacate.

Signed: May 18, 2017

_____
Robert J. Conrad, Jr.
United States District Judge