UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-357-RJC
(3:06-cr-176-RJC-1)

| | |
|---|---|
| ANTOINE RYAN MORGAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, [Doc. 1].

I. BACKGROUND

Petitioner was charged with: attempted Hobbs Act robbery and aiding and abetting the same in violation of 18 U.S.C. §§ 1951 and 2 (Count One); and brandishing and discharging a firearm in furtherance of a crime of violence, *i.e.*, Count One, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and (iii) (Count Two). [3:06-cr-176 ("CR") Doc. 1]. Petitioner pleaded guilty to both counts pursuant to a written Plea Agreement, and admitted he is in fact guilty as charged of those offenses. [CR Doc. 24] (Plea Agreement). The Court sentenced him to a total of 150 months' imprisonment followed by a total of five years of supervised release. [CR Doc. 37] (Judgment). Petitioner did not appeal.

Petitioner filed the instant § 2255 Motion to Vacate through counsel on June 15, 2016.[1] [Doc. 1]. He argues that the § 924(c) conviction should be vacated because attempted Hobbs Act

---
[1] The Federal Public Defender was appointed to represent Petitioner in this action pursuant to Administrative Order No. 3:15-mc-196.

1

robbery is not a "crime of violence" pursuant to United States v. Johnson, 576 U.S. 591 (2015). [Id.]. Petitioner asks that the Court vacate Count Two. [Id.].

This case was stayed for several years pending developments in the case law. [Docs. 4, 10, 14]. Most recently, the matter was stayed pursuant to the Supreme Court's consideration of United States v. Taylor, which has now been resolved, 142 S.Ct. 2015 (2022). The Clerk will be instructed to lift the stay and reopen this case.

The United States has filed a Response agreeing that the § 924(c) conviction should be vacated. [Doc. 17]. It notes that resentencing is unnecessary because Petitioner has now completed his sentence. [Id. at 4]. The Petitioner has not replied, and the matter is now ripe.

## II.     SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

Petitioner contends that his § 924(c) conviction in Count Two should be vacated because

the predicate offense of attempted Hobbs Act robbery does not qualify as a crime of violence in light of Johnson and its progeny.

Section 924(c) prohibits using or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime…." 18 U.S.C. § 924(c)(1). A "crime of violence" is defined in § 924(c)(3) as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C.A. § 924(c)(3).

The Supreme Court applied the principles articulated in Johnson to conclude that the residual clause set forth in § 924(c)(3)(B) is unconstitutionally vague. United States v. Davis, 139 S.Ct. 2319 (2019). Accordingly, a § 924(c) conviction can only stand if the predicate offense satisfies the force clause set forth in § 924(c)(3)(A). It is now clear that attempted Hobbs Act robbery does not qualify categorically as a crime of violence under § 924(c)(3)(A)'s force clause. See United States v. Taylor, 142 S.Ct. 2015 (2022).

The United States correctly agrees that, because Count Two was not supported by a valid predicate crime of violence, it must be vacated. Accordingly, Count Two will be vacated.

The Clerk will be instructed, on the parties' consent, to issue an Amended Judgment reflecting the vacatur of Count Two; all other terms and conditions of the Judgment will remain in effect.

### IV. CONCLUSION

Petitioner's Motion to Vacate [Doc. 1] is granted and Count Two is vacated.

**IT IS, THEREFORE, ORDERED** that:

1. The stay [Doc. 14] is **LIFTED**.

2. Petitioner's Motion to Vacate Sentence Under 28 U.S.C. § 2255 [Doc. 1] is **GRANTED**.

3. Petitioner's conviction on Count Two is **VACATED**.

4. The Clerk is directed to issue an Amended Judgment vacating Count Two; and to serve copies of this Order on the federal Bureau of Prisons, Petitioner, counsel for the Petitioner, the United States Attorney, and the United States Probation Office.

Signed: August 10, 2022

Robert J. Conrad, Jr.
United States District Judge